# EXHIBIT 3

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 25-CVS-

25CV001987-640

)
ARIEL STEPHENS )
)
        Plaintiff, )
)
vs. )
)
WAL-MART STORES EAST, LP and )
DOTDASH MEREDITH, INC. a/k/a )
BETTER HOMES & GARDENS and f/k/a )
MEREDITH CORPORATION )
)
        Defendants. )
_____ )

**COMPLAINT**
**(Jury Trial Demanded)**

**NOW COMES** Plaintiff ARIEL STEPHENS, by and through undersigned counsel, and

hereby alleges and asserts unto the Court as follows:

## NATURE OF THE ACTION

1.    This is a warranties and products liability action brought by Plaintiff against

Defendants.

## PARTIES, JURISDICTION & VENUE

2.    Plaintiff ARIEL STEPHENS ("Ariel" or "Plaintiff") is a citizen and resident of

Pender County, North Carolina.

3.    Defendant WAL-MART STORES EAST, LP ("Walmart") is a limited

partnership duly organized under the laws of the State of Delaware with a principal place of

business located in New Hanover County, North Carolina, transacting business in North

Carolina pursuant to a Certificate of Authority.

4.    Defendant DOTDASH MEREDITH, INC. a/k/a BETTER HOMES &

GARDENS f/k/a MEREDITH CORPORATION ("Better Homes") is a corporation organized

Electronically Filed Date: 2/21/2025 12:19 PM New Hanover Superior Court County Clerk of Superior Court

and existing under the laws of the State of Delaware with its headquarters located in New York, New York. At all times relevant to this action, Walmart was an agent and/or servant of Defendant Better Homes and the acts performed by Walmart were in connection with its duties with Defendant Better Homes, and Walmart was acting in and about the discharge of those duties within the scope of its agency.

5. This Court has jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4, as Defendants have and continue to engage in substantial activity within the State of North Carolina.

6. Venue is proper in this Court pursuant to N.C. Gen. Stat. §1-82.

## FACTUAL BACKGROUND

7. On or around November 19, 2023, Ms. Stephens purchased a Better Homes & Gardens Plant Terrarium ("Terrarium") from Walmart Supercenter #1392 which is owned and operated by Defendant Walmart.

8. Upon information and belief, Better Homes, or its predecessor Meredith Corporation entered into a licensing agreement with Walmart whereby Walmart would manufacture and sell the Terrarium, along with other goods, under Better Homes' name.

9. On March 20, 2024, Ms. Stephens was preparing the Terrarium for use by cleaning the glass and removing the Better Homes & Gardens label.

10. Once the glass was clean, she put terrarium substrate into the terrarium (soil/perlite mix and sphagnum moss), before adding the plants, and décor (small Buddha head figure).

11. After she had assembled the terrarium, she misted it and placed the accompanying cork into the opening.

2

12. The cork did not initially sit correctly within the opening, so she lightly shifted it into position, a movement that caused the terrarium to shatter, sending glass deep into her left wrist.

13. As a result of the injury, Ms. Stephens suffered significant injury, and pain and suffering, which will be described in detail in discovery.

## FIRST CLAIM FOR RELIEF
**(Breach of Implied Warranty of Merchantability and Fitness for  Particular Purpose against Merchant)**

14. Plaintiff incorporates herein by reference all of the allegations contained in this Complaint as if fully set forth herein.

15. A merchant, such as Defendant Walmart, impliedly warrants that merchandise it sells is merchantable, in that:

    a. It is of fair average quality within its description;
    b. It is fit for the ordinary purposes of which such merchandise is used; and/or
    c. conforms to the promises or representations of fact made on the container or label.

16. Moreover, the implied warranty of fitness for a particular purpose also exists in this matter as Defendants had reason to know that Plaintiff would be using the terrarium as a terrarium should be used, and that Plaintiff was relying on Defendants to furnish a suitable terrarium.

17. Defendants breached the implied warranty of merchantability and fitness for a particular purpose.

18. Accordingly, as a direct and proximate result of Defendants breach of the implied warranties, Plaintiff should have and recover judgment against Defendants, jointly and severally, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), as compensatory damages, plus interest as allowed by law.

3

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability against Manufacturer)

19. Plaintiff incorporates herein by reference all of the allegations contained in this Complaint as if fully set forth herein.

20. Upon information and belief, Defendant Walmart manufactured the terrarium.

21. A manufacturer, such as Defendant Walmart, impliedly warranted to Plaintiff, the purchaser of the terrarium, that merchandise it manufactures is merchantable and fit for a particular purpose.

22. Defendant Walmart breached the implied warranty of merchantability and fitness for a particular purpose.

23. Accordingly, as a direct and proximate result of Defendant Walmart's breach of the implied warranties, Plaintiff should have and recover judgment against Defendant Walmart in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), as compensatory damages, plus interest as allowed by law.

## THIRD CLAIM FOR RELIEF
### (Inadequate Design against Manufacturer)

24. Plaintiff incorporates herein by reference all of the allegations contained in this Complaint as if fully set forth herein.

25. Upon information and belief, Defendant Walmart manufactured the terrarium.

26. At the time of its manufacture, the defendant acted unreasonably in designing the terrarium.

27. Amongst other reasons, the thickness glass for the terrarium was several times thinner than most terrariums creating a greater likelihood of the glass breaking and causing harm to a consumer.

4

28. Accordingly, as a direct and proximate result Defendant Walmart's inadequate design, Plaintiff should have and recover judgment against Defendant Walmart in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), as compensatory damages, plus interest as allowed by law.

## FOURTH CLAIM FOR RELIEF
### (Negligence)

29. Plaintiff incorporates herein by reference all of the allegations contained in this Complaint as if fully set forth herein.

30. Defendants owed a duty of care to the Plaintiff.

31. Defendants breached that duty.

32. As a direct and proximate result of one or more of the wrongful acts of negligence on the part of these Defendants, Plaintiff suffered serious injuries, incurred severe pain and suffering, incurred medical expenses and lost wages.

33. Accordingly, as a direct and proximate result of Defendants' negligence, Plaintiff should have and recover judgment against Defendants, jointly and severally, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), as compensatory damages sustained by Plaintiff by reason of the aforesaid negligent acts and omissions of Defendants complained of herein, plus interest as allowed by law.

**WHEREFORE**, the Plaintiff prays unto the Court as follows:

1. That the Plaintiff has and recover judgment against Defendants, jointly and severally in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00);

2. That the costs of this proceeding be taxed by the Court against the Defendants;

3. For such other and further relief as to the Court deems just and proper;

4. For a trial by jury on all issues so triable.

5

This the 21st day of February, 2025.

**BUCKMILLER & FROST PLLC**
*Attorney for Plaintiff*


_____
**MATTHEW W. BUCKMILLER**
N.C. State Bar No.: 35194
4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
Local: (919) 296-5040
Fax: (919) 977-7101
Email: mbuckmiller@bbflawfirm.com

6